**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

JENNIFER L. MARCUM,                                            Case No. 2:24-cv-4048
     Plaintiffs,

                             Graham, J.
           v.                                          Bowman, M.J.

STATE OF OHIO, *et al.*,
     Defendants.

**REPORT AND RECOMMENDATION**

On April 7, 2026, the Court issued an Order requiring Plaintiff to show cause why this action should not be dismissed for want of prosecution. (Doc. 30). As noted in the Order, Plaintiff was permitted to proceed in this action against two unidentified Defendants ("Officer Jess" and an Unknown Nurse) in their individual capacities and against the Coshocton County Sheriff, as an interested party solely for the purpose of determining the identities of the unidentified Defendants through discovery. (*See* Doc. 10). On September 16, 2025, the Court Ordered Plaintiff to identify Defendants Officer Jess and Unknown Nurse, file a Motion to Issue Service, and attach a completed United States Marshal form and summons form for each of these two defendants within sixty (60) days. (Doc. 22 at PageID 225). Plaintiff was provided extensions of time to comply with the Order on November 21, 2025 and again on April 7, 2026. (Doc. 27, 30). She was also advised on multiple occasions that failure to comply with the Order would result in the dismissal of her case. (*See* Doc. 22 at PageID 225; Doc. 27 at PageID 533).

To date, more than thirty (30) days after the April 7, 2026 Order, Plaintiff has not responded to the Order to show cause or otherwise complied with the September 16, 2025 Order.

Plaintiff's failure to prosecute this matter warrants dismissal of this case pursuant to Fed. R. Civ.P. 41(b). *See Jourdan v. Jabe*, 951 F.2d 108, 109–10 (6th Cir.1991). District courts have the power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). *See also Jourdan*, 951 F.2d at 109. Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power.  *See* Fed. R. Civ. P. 41(b).

Accordingly, **IT IS RECOMMENDED THAT** Plaintiff's Complaint be **DISMISSED** without prejudice for lack of prosecution.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Chief Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

JENNIFER L. MARCUM,
     Plaintiffs,

          v.

STATE OF OHIO, *et al.*,
     Defendants.

Case No. 2:24-cv-4048

Graham, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

3